<hr />

Argued 13 September; decided 8 October, 1900.

### STATE EX REL. *v.* CONN.

[62 Pac. 289.]

CONTEMPT—SUFFICIENCY OF AFFIDAVIT.

Under Hill's Ann. Laws, § 653, requiring the filing of an affidavit showing the facts constituting a contempt before any proceedings can be had therefor, unless the contempt was committed in view of the court, the affidavit must be positive in its statements, and is not sufficient if made on information and belief: *State* v. *McKinnon,* 8 Or. 487, criticised.

From Lake: HENRY L. BENSON, Judge.

This is a proceeding for contempt, instituted by filing the following affidavit:.

"IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR LAKE COUNTY.

"State of Oregon *ex rel.* George Jones, Plaintiff,
        *v.*
"George Conn, Defendant.

"STATE OF OREGON, } ss.
        Jackson County. }

"I, Austin S. Hammond, being first duly sworn, on oath, say I am the attorney for the above-named George Jones in a suit now pending in the circuit court for Lake

County, wherein said George Jones is plaintiff, and said George Conn is defendant, and on the —— day of May, 1897, the Hon. W. C. Hale, one of the judges of said court, duly made and issued an order restraining the said George Conn, his attorneys, agents, and employees, from using any of the waters of Chewaucan River, in said county, for the purpose of irrigation upon the northeast quarter of section 23, or the north one-half of the northwest quarter of section 24, in township 33 south, range 18 east, of the Willamette Meridian, in said county, and said order is still in full force ; that I am informed and believe that said George Conn, in violation of said order, and with full knowledge thereof, and with the intention willfully to violate and disobey the same, has been during the past two weeks, and now is, using said waters for the purpose of irrigation upon said lands and all of them, and threatens to continue so to do, and he refuses to obey said order ; that said order was duly served upon said George Conn a few days after the issuance thereof.

AUSTIN S. HAMMOND.

Subscribed and sworn to before me and in my presence this twenty-first day of June, 1898.

W. I. VAWTER,
Notary Public for Oregon.''

Upon presentation of the affidavit, a citation was issued by one of the judges of the First Judicial District, requiring the defendant to appear before him at Klamath Falls on a day named to show cause why he should not be punished for contempt. Thereafter such proceedings were had that at the hearing the defendant was adjudged to be in contempt of court, and sentenced to pay a fine of $1.00 and costs. From this judgment he appeals, assigning as error the insufficiency of the affidavit and want of jurisdiction.    REVERSED.

For appellant there was a brief over the names of *Chas. A. Cogswell, W. A. Wilshire,* and *L. F. Conn,* with an oral argument by *Mr. Cogswell.*

For the state there was a brief over the names of *D. R. N. Blackburn*, Attorney-General, *Chandler B. Watson*, Distrct Attorney, and *John McCourt*, with an oral argument by *Mr. Blackburn*.

Mr. Chief Justice Bean, after stating the facts, delivered the opinion of the court.

Our statute relating to the punishment of contempts provides that, when not committed in the immediate view and presence of the court, '' before any proceedings can be taken therein the facts constituting the contempt must be shown by an affidavit presented to the court or judicial officer :'' Hill's Ann. Laws, § 653. This affidavit is essential to the jurisdiction of the court in all proceedings for constructive contempts (*State* v. *Kaiser*, 20 Or. 50, 23 Pac. 964, 8 L. R. A. 584); and it must state facts which, if established, will constitute the offense. If it is insufficient in this respect, there is nothing to set the power of the court in motion, and it is without jurisdiction to proceed : Works, Courts, 492 ; *Wyatt* v. *People*, 17 Colo. 252 (28 Pac. 961), and authorities ; *Batchelder* v. *Moore*, 42 Cal. 412 ; *McConnell* v. *State*, 46 Ind. 298. Now, a proceeding for contempt for violating an injunction is in its nature criminal (5 Cr. Law, Mag. 171 ; *Freeman* v. *City of Huron*, 8 S. D. 435, 66 N. W. 928 ; *Lester* v. *People*, 150 Ill. 408, 41 Am. St. Rep. 375, 23 N. E. 387, 37 N. E. 1004 ; *Wyatt* v. *People*, 17 Colo. 252, 28 Pac. 961); and therefore the statute must be strictly pursued (4 Enc. Pl. & Prac. 770). It requires that facts shall be stated in the affidavit, and, in our judgment, a statement that the affiant is informed and believes certain things to be true is obviously not a compliance with its provisions. Such an affidavit is not a statement of any positive fact, except the information and belief of the party making it. The statute requires more. It contemplates that the facts

constituting the contempt shall be stated in a positive manner by some one conversant therewith. Indeed, a proper regard for the liberty of the citizen forbids any proceeding by which he may be deprived of his liberty without the information furnished by such an affidavit, and so the courts hold.

In *Ludden* v. *State*, 31 Neb. 429 (48 N. W. 61), and *Freeman* v. *City of Huron*, 8 S. D. 435 (66 N. W. 928), it is held that an affidavit upon information and belief is insufficient to confer jurisdiction in a proceeding for contempt. In the former of these cases, Mr. Justice MAXWELL, speaking for the court, said : "It will be observed that the charge made by Mr. Easterday is 'that he is informed and believes that the said removal was done by the said Owen and men in his employ, and was with the permission and consent, procurement, and instance of the said Luther P. Ludden and the said W. C. Miller.' Who informed Easterday we are not told, nor upon what grounds he based his belief. His informant may have been a 'busybody,' who meddled in the affairs of others, without knowledge or judgment, and his belief may have been based on the idle statements of those who knew nothing of the matter. A proceeding in contempt for acts not committed in the presence of the court is instituted by filing an information under oath stating the facts constituting the alleged contempt. * * * The charge must be direct that the party has committed the act complained of. In all matters based on the oath of a party charging another with the commission of an offense by which he may be deprived of his liberty, the charge must be specific and direct. Mere hearsay will not do." In the latter, the holding is : "In cases of this character, the facts should be stated with certainty. Persons should not be required to answer an essentially criminal charge based merely upon the belief of a private prosecutor.

Because the affidavit did not confer jurisdiction upon the court below, its judgment is reversed.'' It is true that in *State* v. *McKinnon*, 8 Or. 487, an affidavit upon information and belief is said to be sufficient, but it would seem that the objection here made was not urged or considered. But however that may be, the judgment was reversed for want of jurisdiction in the lower court, and therefore an opinion upon any other question was not called for, and must be regarded as mere *dictum.* The judgment of the court below is reversed, and the cause remanded for such further proceedings as may be proper, not inconsistent with this opinion.          REVERSED.