Submitted on brief May 23, reversed and dismissed June 6, 1916.

## STATE EX REL. v. STILLWELL.*

(157 Pac. 970.)

**Contempt—Not in Presence of Court—Necessity of Affidavit.**

1. Where the contempt consists of disobedience by one party of an order for the benefit of the adverse party and is committed out of court, an affidavit under Section 673, L. O. L., charging such disobedience is a necessary prerequisite to an arrest.

**Contempt—Not in Presence of Court—Requisites of Affidavit.**

2. Such affidavit must aver that the order has been served and demand for obedience made; otherwise no jurisdiction is acquired to punish for contempt.

**Contempt—Findings of Fact—Sufficiency.**

3. Findings of fact in contempt proceedings should embrace every issue of fact and be adequate to support the conclusion reached.

**Judgment—Process—Personal Service Without State.**

4. Under Section 57, L. O. L., providing that, where publication is ordered, personal service out of the state of summons and complaint shall be equivalent to publication and deposit in postoffice, a decree given upon such service cannot affect the property rights of the defendant.

**Contempt—Proceedings to Punish—Jurisdiction.**

5. Where the findings in contempt proceedings fail to show that defendant was personally served with summons within the state, or

---

*On the necessity of finding facts before adjudging one guilty of contempt, see note in 30 L. R. A. (N. S.) 564; on the right of one charged with contempt to notice and hearing, see note in 10 L. R. A. (N. S.) 1098; as to inability to pay alimony as defense to contempt, see note in 30 L. R. A. (N. S.) 1001; and as to compelling payment of alimony by contempt proceedings, see note in 24 L. R. A. 433.

REPORTER.

that a copy of the order disobeyed was served upon him and obedience demanded, the judgment of guilty is invalid for lack of jurisdiction.

[As to contempt proceedings to enforce payment of alimony, see note in 137 Am. St. Rep. 875.]

From Coos: JOHN S. COKE, Judge.

In Banc.   Statement by MR. CHIEF JUSTICE MOORE.

This is a civil contempt proceeding instituted in the Circuit Court for Coos County by the State of Oregon, upon the relation of Bertha O. Stillwell, against John R. Stillwell, to punish him for an alleged disobedience of a decree of that court.   The affidavit of the relator states in effect that on July 3, 1914, by consideration of that court, she was divorced from the defendant, who at that time was ordered to pay on August 1st of that year and monthly thereafter the sum of $25 for the support and maintenance of their minor children, and that he had neglected to pay any part thereof. Based on this sworn statement, the district attorney's motion for the attachment of the defendant was allowed.

Answering the affidavit, the defendant alleged, *inter alia,* that the court had no jurisdiction of these proceedings, for that, when the suit was instituted and the decree rendered, he was in the State of California; that he had a valid defense, in that he had been driven from his home in Coos County, Oregon, by the cruel and inhuman treatment of the relator, and by her threats of personal violence he was compelled to transfer to her all his real and personal property then of the value of about $7,000, and to leave her; that he returned to Oregon to interpose a defense to the suit, the trial of which was repeatedly postponed on account of the congested condition of the docket of that court; that, not having sufficient means to defray his expenses in Coos County until the cause could be tried, and only

enough money with which to return to California, he effected an understanding with the relator that, if a divorce were granted her, she would not take any order for alimony or for the future support and maintenance of their minor children, but would, in consideration of his allowing her to hold all the property he had transferred to her, abandon all claims for allowances; that after he returned to California the decree was taken against him, and he had no knowledge thereof until he was indicted for the nonsupport of these children and brought from Vancouver, Washington, to answer the charge; that his counsel immediately moved to dismiss the indictment, but no order was made thereon until these proceedings were instituted, when he was arrested before he could leave the courtroom; that he never had any knowledge or notice of the order requiring him to make any contribution toward the support of his children until he was brought to Oregon pursuant to a warrant issued in the criminal action; that he is ill, has no property, and is unable to earn any money by his labor; that his brother, by mortgaging a farm, was able to secure money which the defendant used in employing counsel to interpose this answer; and that, if he were financially able, he would purge the seeming contempt, by paying the sums demanded of him, but for lack of money and property he cannot comply with the order.

To this answer the relator interposed no reply. The state, however, filed a reply, denying some of the averments of the answer, and alleging that when the suit was commenced the defendant was a resident of the State of Oregon, was personally served with summons therein, and appeared in such cause. The reply admits the defendant was arrested at Vancouver, Washington, and without requisition was returned to Coos

County, Oregon; that the indictment was dismissed because the custody of the minor children had been given to the relator, and a criminal prosecution could no longer be maintained against him under Chapter 249, Laws of Oregon of 1915, whereupon the defendant was apprehended for the contempt.

The cause was tried June 28, 1915, and the record of the determination reads:

"Comes on now to be heard the above-entitled cause upon the motion and affidavit filed herein, the answer and reply and the proceedings had herein, and the court, having considered the same and the testimony and evidence offered and submitted on the trial of said cause, finds that on or about the third day of July, 1914, upon summons personally served upon the defendant, and in a cause wherein the court has jurisdiction of the persons and the parties, that a judgment was duly given and entered providing for the payment of said sums of money for the care, maintenance, and support of the minor children as therein provided, and, it further appearing to the court that the defendant had due and legal notice of said order, and has failed to comply therewith, and has shown no good or sufficient cause for such failure, and has further shown no good or sufficient cause why he should not be punished for contempt of the court, it is hereby considered, ordered and adjudged that the defendant be, and he is hereby, adjudged in contempt of this court, and that this order adjudging him in contempt be entered herein. It is further ordered and adjudged that said defendant be confined in jail for the term of 60 days. It is further ordered that this judgment be suspended during the good behavior of the defendant and during his compliance with the order of this court, and in compliance with said decree entered on the third day of July, 1914, above mentioned in the divorce proceedings, wherein Bertha O. Stillwell was plaintiff and John R. Stillwell was defendant, and being case No. 3838 of this court, and upon the further condition that the defendant remain in Coos County, Oregon, and obtain employment,

and it is further ordered that the said defendant execute a bond in the sum of $500, with good and sufficient sureties, to be approved by this court, and that he comply with the terms of this judgment and order."

From this decision, the defendant appeals.

                                   Reversed.

For appellant there was a brief submitted over the names of *Mr. W. Sinclair, Mr. G. T. Treadgold, Messrs. Chatburn & Gardner* and *Mr. George G. Guthrie.*

For the State there was a brief over the name of *Mr. Lawrence A. Liljeqvest,* District Attorney

For the relator there was a brief submitted by *Mr. C. R. Wade.*

Opinion by Mr. Chief Justice Moore.

1. A party cannot legally be arrested for a contempt not committed in the presence of the court in failing to do something ordered by a court in a civil action to be performed for the benefit of the opposing party therein until he has been charged by an affidavit with a violation of such order: Section 673, L. O. L.; *State* v. *Kaiser,* 20 Or. 50 (23 Pac. 964, 8 L. R. A. 584).

2. Before a party's freedom of action can be justly interfered with in a civil contempt proceeding, a copy of the order which it is asserted he has disobeyed must be served upon him and a demand for obedience made by the party or his agent who is authorized to require a compliance with the terms of such command. The purpose of serving a copy of the order is to avoid the necessity of arresting the party upon whom the obligation is enjoined by affording him a last opportunity to

comply with the court's direction before he is appre-
hended for his failure so to do; and the affidavit charging the contempt must aver that the order has thus
been served and the demand made. A failure in this
respect renders the sworn statement as to the averment of facts insufficient to give the court jurisdiction
of the subject matter: *State ex rel.* v. *Downing,* 40 Or.
309, 325 (58 Pac. 863, 66 Pac. 917). The affidavit
herein does not contain such an allegation, nor does the
answer admit that fact, but the latter asserts the court
was powerless to hear and determine the proceedings.

3. In some jurisdictions a plea of "not guilty" puts
in issue each averment in a charge of contempt. It
would seem in such cases that a finding "guilty" by a
court was sufficient to uphold a judgment of conviction
based thereon. In this state it is the usual practice for
the defendant in a charge of contempt to file an answer
controverting the sworn statement contained in the
affidavit by which the proceedings are instituted, or
setting forth facts as excuses for noncompliance with
the order. In such case the better practice would appear to require findings of fact to be made: *Hoffman* v.
*Hoffman,* 26 S. D. 34 (127 N. W. 478, Ann. Cas. 1913A,
956, 30 L. R. A. (N. S.) 564). But, however this may
be, in any event, if findings are attempted to be made,
they should embrace every issue of fact, and be adequate to maintain the conclusion that was reached.

4. An examination of the findings hereinbefore set
forth will not show the defendant was personally
served in Oregon with a copy of the summons in the
divorce suit as alleged in the reply.

"When publication is ordered, personal service of a
copy of the summons and complaint out of the state
shall be equivalent to publication and deposit in the
postoffice": (Section 57, L. O. L.).

5. The findings as made may refer to a personal service in California, where the defendant asserts he was living at the time the suit was instituted. A decree given upon such service would not affect the property rights of the defendant: *McFarlane* v. *McFarlane,* 43 Or. 477 (73 Pac. 203, 75 Pac. 139). Other statements in the determination appealed from are nothing more than conclusions of law. The findings are inadequate in these particulars.

As the affidavit did not state facts sufficient to confer jurisdiction, the judgment is reversed and the proceedings dismissed.     REVERSED AND DISMISSED.

MR. JUSTICE HARRIS delivered the following opinion, concurring specially:

The affidavit must show either that a copy of the order has been served, or that the party has actual knowledge of the making of the order. In the instant case the affidavit does not allege that John R. Stillwell was served with a copy of the order, nor does it aver that he had actual knowledge of the making of the order, and consequently the affidavit is not sufficient: *State ex rel.* v. *Downing,* 40 Or. 309, 325 (58 Pac. 863, 66 Pac. 917); *Trullinger* v. *Howe,* 58 Or. 73, 79 (113 Pac. 4); 9 Cyc. 12.