Submitted on briefs October 30, 1928, reversed January 15, 1929.

STATE ex Rel. HUBBLE v. SIDNEY W. HUBBLE.

(273 Pac. 395.)

For appellant there was a brief over the name of *Mr. Jay H. Upton.*

For respondent there was a brief over the name of *Mr. R. S. Hamilton.*

COSHOW, C. J.—1–3. The only documents introduced in the proceedings to determine the question of contempt are the motion of attorney for plaintiff supported by his affidavit, the order directing the arrest of defendant and the order committing defendant, all of which are dated on the same day, to wit: May 19, 1928. Defendant was not given an opportunity to be heard upon the question of his ability to obey the order of the court directing him to pay to the court the sum of $175 for the referee. The only proceedings regarding that were had in the divorce suit. That suit is collateral to this proceeding. Defendant was adjudged guilty of contempt and ordered confined to the county jail for six months, unless he sooner paid said sum of $175. He was, in other words, adjudged guilty without a hearing or a chance to be heard. The sentence is contrary to law. A citizen cannot be imprisoned for debt in this state: Const., Art. I, § 19. He can be imprisoned for wilful disobedience of a lawful order of a court: Or. L., § 670, subd. 5, as amended by Gen. Laws 1923, Chap. 165; *State* v. *Francis,* 126 Or. 253, (269 Pac. 878, 880, par. 4). When such disobedience is not committed in the presence of the court he cannot be committed for alleged contempt without a hearing and an opportunity to present a defense: *State ex rel.* v. *Downing,* 40 Or. 309

(58 Pac. 862, 66 Pac. 917); *State* v. *La Follette,* 100 Or. 1 (196 Pac. 412). The contempt proceeding is separate from the divorce suit: *State* v. *Downing, supra.* The records of the divorce suit are not referred to in the affidavit charging defendant with contempt so as to incorporate them in the contempt proceedings.

Because defendant has not had an opportunity to be heard upon that charge the judgment is reversed and defendant is discharged.        REVERSED.