Submitted on briefs January 18, affirmed February 13, 1929.

# STATE EX REL. MAUD E. HAMBRECHT v. JOHN HAMBRECHT.

(274 Pac. 507.)

For appellant there was a brief over the name of *Messrs. Reeder & Eastham.*

For respondent there was a brief over the names of *Messrs. Dey, Hampson & Nelson* and *Mr. C. J. Young.*

BEAN, J.—This is an appeal by defendant from an order adjudging the defendant to be committed to the county jail for contempt of court for failure to pay the plaintiff alimony.

On August 23, 1924, plaintiff obtained a decree of divorce from defendant. Based upon an agreement of the parties pleaded in the complaint, a final decree was entered awarding plaintiff, among other things, alimony by weekly payments in the sum of $25 each. On September 23, 1926, plaintiff filed a motion supported by affidavit for an order requiring defendant to show cause why he should not be punished for contempt for his failure to comply with the decree of the court, requiring him to pay the plaintiff the weekly sum above mentioned. The motion was also based upon the record in the cause. It was shown that defendant was in arrears in his payment to

plaintiff in the sum of $982.05; that he had paid nothing since March, 1926. Plaintiff appeared and answered in the contempt proceedings.

Upon the hearing it was shown and admitted that the defendant was able to raise $350 upon an insurance policy, which he had, and the court entered an order requiring him to pay that amount not later than 9 o'clock A. M. of the following day, and upon his failure to make such payment, to be forthwith committed to the county jail for contempt.

Upon the following day, at the time stated, defendant appeared in court in person by his attorney and refused to pay the plaintiff the sum of $350.00, or any part thereof. Thereupon the court committed the defendant to the county jail for thirty days for contempt of court.

It is contended by defendant that before any proceedings can be taken for contempt the facts constituting the contempt must be shown by affidavit under Chapter 165, General Laws of Oregon for 1923, page 238: *State ex rel.* v. *Conn,* 37 Or. 596, 598 (62 Pac. 289). Defendant also maintains that the affidavit initiating the contempt proceedings is insufficient, in that it does not show either that a copy of the order, requiring the defendant to pay alimony, had been served upon the defendant, or that he had actual knowledge of the making of the order.

1. It is unnecessary that the initiatory affidavit aver that service of the copy of the order of payment, upon which the contempt is based, or demand of obedience to it, if the party against whom the proceedings are instituted has actual knowledge of the order: *State ex rel.* v. *Downing,* 40 Or. 314, 325 (58 Pac. 863, 66 Pac. 917); *Trullinger* v. *Howe,* 58 Or. 73, 79 (113

Pac. 4); *State ex rel.* v. *Stillwell*, 80 Or. 610, 616 (157 Pac. 970).

2. It appears from the affidavit that the defendant in compliance with the original order and decree of divorce for the payment of alimony, had paid the sum of $1,992.95. This shows that the defendant had knowledge of the order. The cases cited and relied upon by defendant antedate Chapter 165, Section 3, Gen. Laws of Oregon 1923, page 236, which amends Section 673, Or. L., so as to provide that the initiatory affidavit need not contain recitals of matters already appearing in the record of any action, suit or proceeding in which the person charged with contempt has been personally served with process. All of the necessary jurisdictional facts appear in the affidavit for contempt, except what is shown in the record of the original divorce case.

3. The defendant, by his answer in the contempt proceedings, admits the issuance of the order of payment. This would supply the defect in the affidavit, if there were such a defect: *State ex rel.* v. *Downing, supra.*

4. Counsel for defendant further urges that the decree in the instant case is for the payment of money only and therefore cannot be enforced by contempt proceedings. Chapter 165, Section 1, subdivision 5, Gen. Laws of Oregon 1923, page 236, amending Section 670, Or. L., provides as follows:

"Contempts defined—The following acts or omissions, in respect to a court of justice, or proceedings therein, are deemed to be contempts of the authority of the court: * * 5. Disobedience of any lawful judgment, decree, order or process of the court, including judgments, orders and decrees for the payment of suit money, alimony and attorney's fees, *pendente*

*lite,* or by final decree, in suits for dissolution of marriages'';

This section as amended and quoted from, applies particularly to a divorce decree requiring the payment of alimony and is not limited by Section 414, Or. L.

5. The refusal of defendant to comply with the decree of the court for alimony where ability to pay exists, as is shown in the present case, is punishable by contempt proceedings.

Strictly speaking, alimony is not like an ordinary debt, it is more than a debt, within the meaning of statutes, or Constitutions, which prohibit imprisonment for debt.

6. The obligations which the defendant voluntarily assumed in contracting marriage with the plaintiff, were not all vitiated or annulled upon the entry of the divorce decree. There still remains the solemn obligation of the defendant husband to contribute to the support of his former wife according to the decree of the court, if he is able to do so.

7. It is also contended by defendant, that the decree granting the plaintiff alimony was void because the complaint contains no allegation in regard thereto. An examination of that record in the original divorce case shows that the decree for alimony was based upon an agreement therefore made between the plaintiff and defendant: See *Henderson* v. *Henderson,* 37 Or. 141, 152 (60 Pac. 597, 61 Pac. 136, 82 Am. St. Rep. 741, 48 L. R. A. 766; *Phy* v. *Phy,* 116 Or. 31 (236 Pac. 751, 240 Pac. 237, 42 A. L. R. 588).

Finding no error in the record the judgment of the trial court is affirmed.          AFFIRMED.

ROSSMAN, J., took no part in the consideration of this case.