Argued September 9, affirmed September 15, 1953

# STATE EX REL. HODES *v.* HODES

260 P. 2d 1095

*David Fain* argued the cause for respondent. With him on the brief were Shirley A. Field and Black, Kendall & Fain, of Portland.

*Leland F. Hess,* of Portland, argued the cause and filed a brief for appellant.

Before LATOURETTE, Chief Justice, and WARNER, ROSSMAN, LUSK, BRAND and PERRY, Justices.

LUSK, J.

This is the third and, it is to be hoped, the final chapter, in this court, of litigation between the parties to the present proceeding. See *Hodes v. Hodes,* 176 Or 102, 155 P2d 564; *Hodes v. Hodes,* 173 Or 267, 145 P2d 299.

The relator, Sarah Hodes, obtained a decree of separate maintenance from the defendant on November

5, 1941. Since then, according to counsel for the defendant—and the record appears to bear him out—the strife between the parties arising out of defendant's failure to comply with the court's decree and related matters has been waged in all of the eleven departments of the Circuit Court for Multnomah County. In its present development their controversy comes to this court as an appeal by the defendant from a judgment in contempt rendered against him for his conceded failure to pay to the relator a sum in excess of $3,000.00 in accordance with the terms of the decree.

 There are five assignments of error. The first reads: "The Court erred in holding the appellant in contempt." Two contentions are advanced under this assignment. One relates to the sufficiency of the evidence to support the judgment. But, as there is no bill of exceptions, this court is without authority to consider that question. *State ex rel Bassett v. Bassett,* 166 Or 628, 638, 639, 642, 113 P2d 432, 114 P2d 546. The other contention is that the judgment is invalid because of the court's failure to make a finding of fact that it was within the power of the defendant to perform the act for failure to perform which he was adjudged in contempt. In the Bassett case we held that the omission of such a finding rendered the judgment voidable when challenged on appeal, and we accordingly remanded the case to the Circuit Court with directions to make findings of fact and to enter a new judgment. But here the assignment of error is clearly not sufficiently specific to raise this question, and we are not disposed in the present case to exercise our discretionary power to notice an error even though not assigned, since we are unable to see that to do so would be in the interest of justice.

In order to pass upon the questions raised by the second and third assignments of error it would be necessary for us to consider the evidence. This, as we have already held, we cannot do.

 Finally, the fourth and fifth assignments of error relate to matters in no way involved in this contempt case. It appears that the relator during the pendency of the proceeding filed a motion to modify the decree by increasing the amount of the support money ordered to be paid by the defendant, and that the defendant filed a motion for modification of the decree by reducing such amount. These matters were consolidated for hearing with the contempt proceeding, and the court entered a single "judgment and order", entitled in the contempt case, adjudging the defendant in contempt and denying the defendant's motion for modification of the decree. Defendant has appealed only from the judgment of contempt and from an order therein allowing relator $50.00 attorney's fees. The fourth and fifth assignments of error challenge the court's disposition of the motions for modification of the decree, from which no appeal has been taken. In a suit for divorce or separate maintenance a motion for modification of the decree is properly a part of the original case. But a contempt proceeding is a separate case. *State ex rel. Hubble v. Hubble,* 128 Or 46, 49, 273 P 395. In this instance the original case was commenced by David Hodes as plaintiff and Sarah Hodes as defendant to secure a divorce. Sarah Hodes filed her answer in which she prayed for a decree of separate maintenance, and, after a trial, she was granted such a decree. Both motions for modification of that decree were properly filed in that case. In the contempt proceeding the State and Sarah Hodes were co-plaintiffs (§ 11-506, OCLA; *State ex rel. Hewson v. Hewson,*

129 Or 612, 277 P 1012, 63 ALR 1216) and David Hodes was the defendant. The appeal is from an order entered in that case, and our jurisdiction is limited by the terms of the notice of appeal. Whether in a contempt proceeding this court would acquire jurisdiction of an attempted appeal from an order allowing or denying a motion for modification of a decree of divorce or for separate maintenance, need not now be decided. It may be added that the Circuit Court had authority to award an attorney's fee to the prevailing party in the contempt proceeding. § 11-512, OCLA, as amended by ch 204, Oregon Laws 1951.

The judgment is affirmed.