Argued January 9, affirmed February 28, 1962

# PEMBERTON *v.* PEMBERTON
### 369 P. 2d 278

*John F. Reynolds,* Portland, argued the cause and filed a brief for appellant.

*Michael J. Schmeer,* Portland, argued the cause for respondent. With him on the brief were Black, Kendall & Tremaine, and Ferris F. Boothe, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

McALLISTER, C. J.

This is a divorce suit in which a decree was entered in July, 1947 granting plaintiff a divorce, giving her custody of the two minor children and requiring defendant to pay $100 per month for the support of said children.

In November, 1949 the defendant filed a motion to reduce the amount he was required to pay for the support of his children from $100 per month to $1.00 per month, upon the ground that defendant was then confined in the Eastern Oregon State Hospital and was without funds to pay the support money. The motion to modify the decree was not served on anyone, and was not called to the attention of the court until 1961. In the intervening 11 years defendant made intermittent payments in partial compliance with the decree.

In 1961 the dual problem of custody of the children and their support was presented to the court by a motion filed by defendant on February 17, 1961 asking that he be granted custody of both children. Defendant's 1961 motion did not refer to the 1949 motion. Plaintiff countered by filing a motion to increase the child support from $100 per month for both children to $160 per month for each child. The

court, after a hearing, settled the controversy by leaving one child with plaintiff, requiring defendant to pay $100 per month for support of that child, and giving defendant custody of the other child.

At the hearing in 1961 the attention of the court was called to defendant's 1949 motion, but no action was taken thereon until after the court had settled the questions raised by the motions filed in 1961. Thereafter, on May 16, 1961, the court, on motion of the plaintiff, entered an order denying the 1949 motion on the ground that defendant by failing to prosecute said motion had waived and abandoned it. Defendant appeals from the order of May 16, 1961.

The 1949 motion is important to defendant because of the provisions of ORS 107.130① which prohibit the court from modifying any liability for the payment of support money which has accrued prior to the filing of a motion to modify the decree. Plaintiff has taken action to collect the unpaid support money due under the decree and only by giving effect to the 1949 motion could the court relieve defendant from the payment of any portion of the support money accrued between 1949 and 1961.

---

① ORS 107.130 [Prior to 1961 amendment] "(1) The court, or judge thereof, has the power to set aside, alter or modify at any time after a decree is given, upon the motion of either party, so much of the decree as may provide for the appointment of trustees, for the care and custody of minor children, for the nurture or education thereof, or both, or for the maintenance of either party to the suit; and such decree is a final judgment as to any instalment or payment of money provided for therein which has accrued up to the time either party makes such a motion.

"(2) The court does not have the power to set aside, alter or modify such decree, or any portion thereof, which provides for any payment of money, either for the nurture or education of minor children or the maintenance of either party to the suit, which has accrued prior to the filing of such motion.

"* * * * *"

■■ Although a motion to modify the provisions of a divorce decree which provide for the custody and support of minor children is a part of the original case, *State ex rel Hodes v. Hodes,* 199 Or 305, 260 P2d 1095, nevertheless, such a motion is in some respects a new proceeding. If the proposed modification affects the rights of the adverse party, notice to him is necessary to give the court jurisdiction. See *Scarth v. Scarth,* 211 Or 121, 315 P2d 141, and authorities there cited. The burden is on the moving party to give such notice and to bring the proceeding to the attention of the court by a request for a hearing, or other appropriate motion. We think the duty resting on the moving party to prosecute with reasonable diligence a proceeding to modify a divorce decree is very similar to the duty resting on a plaintiff who has initiated a conventional lawsuit.

■■ The public policy of the state that suits, actions or proceedings which are not prosecuted with reasonable diligence should be dismissed is expressed in ORS 18.260. We have frequently held that, aside from the statute, the courts have the inherent power to dismiss a pending case when it has not been prosecuted diligently. *Horn v. Calif.-Ore. Power Co. et al,* 221 Or 328, 351 P2d 80; *Hyde et ux v. Velvin,* 212 Or 73, 318 P2d 269; *Bock v. Portland Gas & Coke Co.,* 202 Or 609, 277 P2d 758.

■ We hold that the trial court did not abuse its discretion in dismissing the motion which for 11 years defendant had entirely failed to prosecute.

The judgment is affirmed.