IN THE

# SUPREME COURT

OF

# OREGON.

Decided 12 January, 1907.

**STATE ex rel. *v.* SIEBER.**

88 Pac. 313.

CONTEMPT—AFFIDAVIT CONSTRUED AS A COMPLAINT.

1. The practice in Oregon in construing charges of contempt is more strict than formerly, and such a charge must now be made on the positive statement of the affiant, such affidavit being considered a complaint, to be governed by the rules of pleading, one of which is that the evidence must be limited to the allegations.

CONTEMPT—PLEADING—ALLEGATIONS AND PROOFS.

2. Where an affidavit filed in contempt proceedings charges defendant with violating an injunction commanding him not to interfere with the flow of water in a certain stream, the violation consisting of the erection of dams, it is error to admit evidence to show that defendant violated the injunction by cutting a ditch and turning water on his premises, for the defendant may thus be convicted of an act of contempt of which he has not been notified.

CONTEMPT—AMENDING AFFIDAVIT—DISCRETION.

3. Where the affidavit initiating a contempt proceeding is not sufficiently specific as to the charge, it may, with the court's consent, be amended, but must then be reverified.

CONTEMPT—PROPRIETY OF ARREST—DISCRETION.

4. Under Section 665, B. & C. Comp., providing that, on the filing of an affidavit stating the facts constituting a contempt, the court may either make an order on the person charged to show cause why he should not be arrested to answer, or issue a warrant of arrest to bring such person before the court in the first instance, the selection of the procedure is discretionary with the court.

CONTEMPT—WAIVING IRREGULARITY IN WARRANT OF ARREST.

5. Although Section 668, B. & C. Comp., provides, in relation to the punishment of contempts, that the warrant of arrest shall direct whether

the person charged may be let to bail, and, if so, the amount necessary therefor, or specify that he be detained without bail, the omission of such provisions is an irregularity only, and does not affect the validity of the warrant. The defect should be particularly indicated to the trial court or it is waived and cannot be urged on appeal.

CONTEMPT—DUTY TO FURNISH COPY OF CHARGE—CONSTITUTION.

6. Although Const. Or. Art. I, § 11, provides that in all criminal prosecutions the accused shall have the right to demand the nature and cause of the accusation against him, the right must be affirmatively demanded and refused to be available as a ground for appeal, the mere failure to deliver to defendant a copy of the charge is not sufficient.

CONTEMPT IN VIOLATING INJUNCTION—SUFFICIENCY OF AFFIDAVIT.

7. Although Section 663, B. & C. Comp., in relation to the punishment of contempts, provides that every court has power to punish contempt by fine or imprisonment, or both, but that it must appear that the right or remedy of a party to an action was defeated or prejudiced by the contempt before it can be punished otherwise than by a fine, in a proceeding for contempt, consisting of the violation of an injunction, an affidavit setting out the facts done in violation of the writ, and alleging that defendant had knowledge of the terms and conditions of the restraining order, is sufficient without alleging a demand on defendant to obey the injunction and cease violating its terms.

SAME—ALLEGING SEVERAL OFFENSES.

8. In a proceeding for a contempt consisting of the violation of an injunction restraining defendant from interfering with a certain stream, an affidavit charging that defendant had erected two dams in the stream above affiant's headgate does not necessarily charge the commission of more than one offense.

WITNESSES—PRIVILEGE OF EXEMPTION FROM TESTIFYING—CONSTITUTION.

9. Section 670, B. & C. Comp., providing that in a contempt proceeding the court shall examine the defendant, is not unconstitutional as compelling a defendant to testify against himself in a criminal prosecution, as forbidden by Const. Or. Art. I, § 12, since no form of contempt proceeding is a "criminal prosecution" within the meaning of that provision of the constitution.

From Baker: SAMUEL WHITE, Judge.

Contempt proceeding by the State on the relation of private parties to punish respondent for an alleged violation of an injunction. Respondent appeals from an order adjudging him guilty.                                                    REVERSED.

For appellant there was a brief with oral arguments by *Mr. Orville Buyland Mount* and *Mr. Albert Backus.*

For the State there was a brief with oral arguments by *Mr. Leroy Lomax,* District Attorney, and *Mr. John Langdon Rand.*

MR. JUSTICE MOORE delivered the opinion of the court.

This is a contempt proceeding instituted in the circuit court for Baker County by the State of Oregon on the relation of Baker Lodge No. 47, Ancient Free and Accepted Masons, a corporation; Baker City Lodge No. 25, Independent Order of Odd Fellows, a corporation; W. J. Patterson and F. W. Eppinger, partners as Patterson & Eppinger; and I. M. Welch, E. M. Welch, F. B. Welch, and C. R. Welch, partners as Welch & Co., against J. R. Sieber for an alleged violation of an injunction. The affidavit of the relator Patterson, on which the proceedings are based, was filed May 26, 1906, and states, in effect, that prior thereto a suit was commenced in the court named by the relators against Sieber and others, and, a preliminary injunction having been issued therein, Sieber was commanded not to interfere with the flow of 150 inches of water, miners' measurement, in a ditch from Sutton Creek to a cemetery owned by the relators, or to place any obstruction in that stream which would prevent the quantity of water specified from reaching the head of the ditch mentioned, a copy of which restraining order was served on him; that the injunction has never been set aside or modified, but, in violation thereof, Sieber unlawfully constructed in the creek two dams whereby the water was prevented from flowing to the head of such ditch, at a time when it was needed by the relators for irrigation. An order was thereupon made that a warrant be issued for Sieber's arrest, in pursuance of which he was apprehended and taken before the court, which denied a motion to dismiss the proceedings and overruled a demurrer to the affidavit. A plea of not guilty having been interposed, a trial was had resulting in a judgment imposing on Sieber a fine of $50, and he appeals.

1. W. J. Patterson, as a witness for the relators, was permitted, over objection and exception, to state that Sieber, in violation of the injunction, had cut their ditch and turned water flowing therein upon a garden on his premises. It is maintained by defendant's counsel that, as the charge in the affidavit was the construction of two dams in Sutton Creek, whereby the water of that stream, to the extent of the alleged appropriation,

was prevented from flowing to the head of the cemetery ditch, an error was committed in admitting such testimony. It is argued by relators' counsel, however, that a court will take judicial notice of its own orders, made in a suit out of which the contempt arose, and, as the affidavit, which is not a "pleading" within the ordinary sense of that term, stated facts sufficient to confer jurisdiction, the testimony so objected to was admissible. It was formerly held by this court that an affidavit initiating a contempt proceeding for violating an order of court was not regarded as a pleading within the ordinary rules governing the construction of formal allegations of the parties of their respective claims and defenses: *State ex rel.* v. *McKinnon,* 8 Or. 487. In that case the affidavit was made on information and belief, but no objection seems to have been made thereto on that ground. In *State ex rel.* v. *Conn,* 37 Or. 596 (62 Pac. 289), it was ruled that an affidavit made on information and belief was insufficient to confer jurisdiction of a constructive contempt. It will thus be seen that a stricter rule than that which formerly obtained as to stating the facts constituting a contempt has been adopted. Our statute regulating the practice in cases of this kind provides that, when the offense is not committed in the immediate view and presence of the court, "before any proceedings can be taken therein, the facts constituting the contempt must be shown by an affidavit presented to the court": B. & C. Comp. § 665. As a violation of an injunction is a criminal contempt, the proceedings to punish a party accused thereof must be strictly pursued (4 Enc. Pl. & Pr. 770), and, in all cases of constructive contempt, the initiatory affidavit must state facts sufficient to constitute a *prima facie* case: 4 Enc. Pl. & Pr. § 780.

2. The affidavit in the case at bar makes a case of that kind by stating that Sieber violated the injunction in a particular manner. He was thus specifically notified of the alleged offense, and, from such averments, he had the right to expect that the testimony to be offered against him would be limited to the charge. Instead of confining the examination to the case thus

made, testimony was received, over objection and exception, tending to show a violation of the order of the court in a manner different from that stated. The counsel for the relators, in support of the principle for which they contend, cite *Ex parte Ah Men,* 77 Cal. 198 (19 Pac. 380: 11 Am. St. Rep. 263), where it was held to be unnecessary to set forth, in an affidavit charging the violation of an injunction, the provisions of the writ that had been transgressed, because the court would take judicial notice of its own orders. The conclusion in that case was based on the fact that the practice prevailing in California permits the prosecution of a contempt to be made in the cause out of which the restraining order arose, and not in a separate proceeding with a title of its own. Such rule, however, does not obtain in this jurisdiction where contempt proceedings must be prosecuted in the name of the state or in its name on the relation of a private party: B. & C. Comp. § 667. Attention is also called to the case of *Jordan* v. *Circuit Court,* 69 Iowa, 177 (28 N. W. 548), where it was held that a failure to introduce in evidence in a contempt proceeding the order on which an injunction was based was not fatal, Mr. Chief Justice ADAMS saying: "The court would take judicial notice of its own orders in the matter out of which the alleged contempt grew." So, too, in *State* v. *Bee Pub. Co.* 60 Neb. 282 (83 N. W. 204: 50 L. R. A. 195: 83 Am. St. Rep. 531), another case relied upon by relators' counsel, it was held, in a contempt proceeding, that the court would take judicial notice of a case pending before it, to which a published criticism applied. It will thus be seen that the decisions reviewed relate to the absence of an averment in an affidavit and to the failure to introduce in evidence orders of courts, the violation of which constituted alleged contempts. That a court will take judicial notice of its orders made in certain cases must be admitted, but the notice referred to is a rule of evidence only, whereby proof of the existence of such orders, by the production of the originals or certified copies thereof, may be dispensed with. The statute makes the filing of an affidavit charging the commission of a constructive con-

tempt a prerequisite to the institution of the proceeding to punish a party for the alleged offense, and the testimony offered by the state or by a relator must be confined to, and correspond with, the sworn statement. A rule that would permit a *prima facie* case to be stated in the affidavit for the purpose of securing jurisdiction of the cause and allow the introduction of evidence of other contemptuous acts or conduct, not generally stated therein, would violate the elementary principles of pleading, by failing to give to the accused any notice of the offense for which he was to be tried. As a violation of an injunction is a criminal contempt, the rule governing pleadings in civil actions, at least, should be observed, that evidence must be limited to the issues.

3. No serious disadvantage can result from the application of this principle, for, if on a trial it should be ascertained that the affidavit initiating a contempt proceeding was not sufficiently specific in its charge, it may, with the court's consent, be amended by a reverification: *State ex rel* v. *Lavery,* 31 Or. 77 (49 Pac. 852). An error was, therefore, committed in admitting the testimony complained of.

In view of the conclusion thus reached, it is deemed proper to treat several questions that may arise again in this cause.

4. It is contended by defendant's counsel that the affidavit forming the basis of the measures taken fails to show the existence of any emergency necessitating the apprehension of their client without citing him to show cause why he should not be arrested to answer the charge, and, this being so, an error was committed in denying the motion to dismiss the proceedings. Our statute provides that, upon the filing of an affidavit stating the facts constituting a contempt, the court may either make an order upon the person charged to show cause why he should not be arrested to answer, or issue a warrant of arrest to bring such person to answer in the first instance: B. & C. Comp. § 665. Before a person can be found guilty of a constructive contempt, the rule generally prevailing requires that he must have due and reasonable notice of the proceeding: 9 Cyc. 39. Where, however, a necessity for the immediate apprehension of

the party accused of violating an injunction is disclosed by the filing of the initiatory pleading, the right of the court to proceed in a summary manner is undoubted: Rapalje, Contempt, § 100. This rule proceeds on the ground that the mischief complained of might, in consequence of delay, become irreparable: *Funshawe* v. *Tracy,* 8 Fed. Cas. No. 4,643. Our statute regulating the practice in such cases permits the making of an order to show cause, or allows the issuance of a warrant of arrest of the alleged contemnor in the first instance, as to the court may seem proper, thus making the selection of the procedure discretionary, and, this being so, no error was committed in refusing to dismiss the proceedings on that ground.

5. The statute prescribing the form of the warrant of arrest in contempt proceedings provides, in effect, that it shall direct therein whether or not the person charged may be let to bail for his appearance upon the writ, and, if so, to indicate the amount necessary therefor, or to specify in the process that he be detained in custody without bail: B. & C. Comp. § 668. The warrant issued in the case at bar not having contained either of these directions, the defendant's counsel maintain that an error was committed in refusing to discharge the accused. The motion interposed for that purpose was included in the application to dismiss the proceedings, and the grounds stated therefor are substantially as follows: (1) That no notice was given to the defendant to show why he should not be arrested; (2) that the affidavit on which the prosecution is based does not disclose any existing emergency, and hence the warrant was issued without authority; (3) that the court abused its discretion in ordering the defendant's arrest without giving him an opportunity to be heard, thus depriving him of his liberty without due process of law; and (4) that the defendant has never been served with a copy of the affidavit or other pleading in this cause. It will thus be seen that the question now insisted upon was not specifically presented to or evidently considered by the trial court. No application for a continuance appears to have been made, or motion interposed to admit the defendant to bail;

and hence any error in issuing the warrant was waived: *Zimmerman* v. *State,* 46 Neb. 13 (64 N. W. 375).

6. The fundamental law of the state contains the following clause:

"In all criminal prosecutions, the accused shall have the right * * to demand the nature and cause of the accusation against him, and to have a copy thereof": Const. Or. Art. I, § 11.

If it be assumed that a criminal contempt is a "criminal prosecution" within the generally accepted meaning of that phrase, the motion to discharge the defendant does not disclose that he demanded a copy of the affidavit or that a transcript thereof was denied him, and hence no error was committed as alleged.

7. It is maintained by defendant's counsel that, as the affidavit did not allege that the accused knew or had reason to believe that he was interfering with the relators' use of the water, or that he had been requested by them to comply with the terms of the restraining order, the pleading does not state facts sufficient to constitute a contempt, but that the sworn statement having averred that the injunction was violated by the defendant's constructing two dams, etc., manifests an attempt to charge the commission of more than one offense, and, the sufficiency of the pleading having been challenged on these grounds, an error was committed in overruling the demurrer. The acts complained of herein consist of an alleged disobedience of the court's process, a copy of which, it is averred, was served on the defendant. The failure of a party to comply with the order of a court, requiring him to perform some act for the benefit or to the advantage of the adverse party to a suit, action or proceeding, is a quasi or civil contempt, for a violation of which the punishment is executive only, and the contemnor, if found guilty, is adjudged to stand committed until he obeys the command, while disobedience or resistance of the process of a court constitutes a criminal contempt, a conviction of which incurs a penalty of fine or imprisonment or both, and is punitive: B. & C. Comp, § 663; Rapalje, Contempt, § 21;

*Phillips* v. *Welch,* 11 Nev. 187; *State* v. *Root,* 5 N. D. 487 (67 N. W. 958: 32 L. R. A. 723). In cases of civil contempt, the affidavit initiating the proceeding must aver that a demand has been made upon the party accused, requiring him to perform the duty commanded, before he can be considered in default: *State ex rel.* v. *Downing,* 40 Or. 309 (58 Pac. 863, 66 Pac. 917). Such rule, however, has no application to the case at bar where the offense complained of is a criminal contempt. An affidavit in a proceeding for a failure to observe an injunction is sufficient if it sets out the acts done in violation of the writ and avers that the party accused thereof had knowledge of the terms and conditions of the restraining order: *State ex rel.* v. *Lavery,* 31 Or. 77 (49 Pac. 852); *Hedges* v. *Superior Court,* 67 Cal. 405 (7 Pac. 767); *Ex parte Ah Men,* 77 Cal. 198 (19 Pac. 380: 11 Am. St. Rep. 263); *Silvers* v. *Traverse,* 82 Iowa, 52 (47 N. W. 888: 11 L. R. A. 804).

8. If it be assumed that an affidavit charging the commission of a constructive contempt should be as specific in the statement of the facts constituting the violation of a court's order as is required in setting forth in an information or an indictment the act or omission constituting the crime, the averment of defendant's construction of two dams does not necessarily allege that more than one offense was committed, for both obstructions to the flow of the water in the creek may have been placed therein at the same time. The affidavit in the case at bar stated facts sufficient reasonably to inform the defendant of the nature of the charge he was required to meet, and no error was committed in overruling the demurrer.

It is contended by defendant's counsel that, though the affidavit referred to purports to have been made in direct and positive terms, the testimony shows that it was based on information and belief, and hence an error was committed in denying their motion to dismiss the proceedings interposed on that ground when the cause was submitted. The legal principle insisted upon, if applicable, is without merit, for Patterson, as a witness for the relators, was asked on cross-examination:

"And then this affidavit was made from information you got through others and your general opinion?"

To which he replied:

"No, it was not; because there was no affidavit made until I saw the dam and saw what was holding the water back. The affidavit was made after I personally saw the dam."

The bill of exceptions shows that, Sieber having been called as a witness by the relators, his counsel objected to his giving any testimony against himself, but the objection was overruled and an exception allowed, whereupon he was interrogated in relation to the construction of one of the dams mentioned in the affidavit and as to the digging of a ditch from this dam towards land claimed by him, and it is contended that an error was thereby committed. It is argued by defendant's counsel that an affidavit charging the commission of a contempt initiates a criminal prosecution against the party so accused, and, although the statute provides that the court "shall proceed to investigate the charge by examining such defendant" (B. & C. Comp. § 670), the enactment violates the organic law of the state which contains the following declaration:

"No person shall be * * compelled in a criminal prosecution to testify against himself": Const. Or. Art. I, § 12.

The disobedience of any lawful judgment, decree, order or process of a court is deemed to be a contempt of the authority of such tribunal (B. & C. Comp. § 662, subd. 5), and, upon a conviction thereof, the accused may be punished by a fine or imprisonment or both, depending upon the magnitude of the offense or the effect thereof upon an adverse party's right or remedy which may have been defeated or prejudiced thereby: B. & C. Comp. § 663; *State ex rel. v. Downing,* 40 Or. 309 (58 Pac. 863, 66 Pac. 917). The defendant's counsel, in support of the legal principle for which they contend on this branch of the case, rely upon a decision of the Supreme Court of California *(Ex parte Gould,* 99 Cal. 360: 33 Pac. 1112: 21 L. R. A. 751: 37 Am. St. Rep. 57), where it was held that a person charged with violating an injunction could not be compelled to

be a witness against himself as the proceeding was of a criminal nature.

The right to punish persons found guilty of contempt is a power incident to every court of record, which it may exercise in the manner prescribed, when regulated by statute, for the purpose of maintaining order and enforcing its judgments and decrees. A court, therefore, which has no criminal jurisdiction is authorized to punish contemnors for a violation of its orders and for acts and conduct which tend to degrade such tribunal and to bring the administration of justice into reproach. The fundamental law of this state contains the following avowal:

"In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury": Const. Or. Art. I, § 11.

Mr. Bishop, in his work on Criminal Law (volume 2, 5 ed., § 269), in discussing the mode of trial in a contempt matter, says: "The proceeding is, in all cases, summary, before the judge, without the intervention of a jury." It is firmly settled by the great weight of authority that a party accused of the commission of a contempt is not entitled of right to a jury trial: 9 Cyc. 47; 4 Enc. Pl. & Pr. 789. The rule thus announced, though not involved herein, is adverted to by way of argument only, to show that, as a court of record is empowered to try a case of this kind without the intervention of a jury, the right to exercise such authority demonstrates that even a criminal contempt is not a "criminal prosecution" within the meaning of that term as used in the clause of the constitution last quoted. The case depended on by defendant's counsel is unsupported by other direct authority, and, believing that it is not founded in reason, we cannot adopt the rule thus promulgated. If the questions propounded to a party at his examination for the alleged commission of a contempt tended in any manner to incriminate him, he would be entitled to rely upon the constitutional guaranty invoked herein: 7 Am. & Eng. Enc. Law (2 ed.), 48; Ex parte Sauls, 46 Tex. Cr. R. 209 (78 S. W. 1073). In the case at bar the questions asked were not of that kind, and hence no error was committed in requiring the defendant to answer the inquiries.

The defendant's counsel object to the judgment rendered against their client on the ground that no findings of fact were made by the court. Whether or not such findings are necessary when the alleged contempt is based on an affidavit will not now be considered, for any doubts on that subject can be removed by making findings.

For the error committed in admitting testimony relating to the cutting of the cemetery ditch, the judgment is reversed, and a new trial ordered.                                        REVERSED.