Argued and submitted January 23, affirmed July 11, reconsideration denied August 17, petition for review allowed October 16, 1984 (298 Or 68)
See 299 Or 108, 698 P2d 957 (1985)

STATE ex rel DWYER,
*Respondent,*

*v.*

DWYER,
*Appellant.*

(15-79-05972; CA A27164)

684 P2d 15

Stanley Cram, Eugene, argued the cause for appellant. With him on the brief was Johnson, McKeever & Cram, Eugene.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Newman, Judge.

RICHARDSON, P. J.

Newman, J., dissenting.

## RICHARDSON, P. J.

Defendant appeals from an order holding him in contempt of court for wilful failure to comply with a 1981 court order requiring him to pay child support. He makes two assignments of error: (1) that the evidence adduced at trial failed to establish that he wilfully failed to comply with the court order; and (2) that the trial court's denial of his request for a jury trial violated both the Oregon and the United States Constitutions. We affirm.

By a 1981 divorce decree defendant was required to pay child support in the amount of $150 per month. He was aware of that order and admitted that he had made no child support payments. Accordingly, on January 10, 1983, contempt proceedings were initiated by the state on behalf of his ex-wife. At that hearing, defendant's request for a jury trial was denied. The court found him to be in contempt of court and placed him on probation for a period of one year.

█ Defendant argues that the trial court erred in finding that he had wilfully violated the order requiring him to pay child support. Defendant's argument is without merit. His testimony at the contempt proceeding indicates that he purposefully chose to work at odd jobs only to the extent necessary to get by. The trial judge aptly summarized defendant's deadbeat status:

> "* * * Mr. Dwyer leads the kind of life that maybe some of us think now and then would be kind of fun to lead. Just making enough to barely get by and enjoy life. But unfortunately, that's not an option that's open to people, at least legitimately, when they've accepted the responsibility of bringing children into the world and supporting them.
>
> "I don't have any hesitation in finding Mr. Dwyer in contempt. Mr. Dwyer, if you could cut three cords of wood last month and sell them, you could have cut six. Two more cords of wood sold would have paid your child support."

After reviewing the record, we conclude that the evidence supports the trial court's finding of wilful noncompliance with the child support order.

Defendant's second assignment of error is the trial court's failure to grant him a jury trial. He argues that his right to a jury trial in a contempt proceeding is guaranteed by

Article I, sections 11, 16 and 17, of the Oregon Constitution and the Sixth Amendment to the United States Constitution. We address his state constitutional claim first. *State v. Kennedy,* 295 Or 260, 262, 666 P2d 1316 (1983); *State v. Caraher,* 293 Or 741, 752, 653 P2d 942 (1982).

Defendant relies primarily on *Brown v. Multnomah County Dist. Ct.,* 280 Or 95, 570 P2d 52 (1977), in which the court discussed a number of factors used to determine whether the imposition of a sanction is a "criminal prosecution," triggering the right to a jury trial guaranteed by Article I, section 11, of the Oregon Constitution. That decision notes that a number of indicia, such as the type of offense, the prescribed penalty and its punitive significance, have been used to determine whether a given proceeding is a "criminal prosecution" for constitutional purposes. *Brown* concludes that, although a number of factors are relevant, none is conclusive. Defendant does not indicate how the factors enumerated in *Brown* lead to the conclusion that his contempt proceeding is a "criminal prosecution" within the meaning of Article I, section 11, nor does our independent analysis of those factors lead to that conclusion.

In *State v. Tripp,* 36 Or App 141, 144, 583 P2d 591 (1978), *rev den* 285 Or 73 (1979), we stated:

> "Defendant next claims that she should have been afforded the right to a jury trial, citing Art I, §§ 11, 16 and 17. While there is no holding directly in point, the Oregon Supreme Court indicated as long ago as *State ex rel v. Seiber,* 49 Or 1, 11, 88 P 313 (1907)[,] by way of dictum that there was no right to jury trial in contempt proceedings. *See also Rust v. Pratt,* 157 Or 505, 512, 72 P2d 533 (1937). *Cf. State ex rel Oregon State Bar v. Lenske,* 243 Or 477, 489, 405 P2d 510, 407 P2d 250 (1965)[, *cert den* 384 US 943 (1966)]. In view of the fact that contempt proceedings are designed to force compliance with a valid court order, rather than to punish an individual, this rule seems appropriate and we here explicitly adopt it." (Footnotes omitted.)

We agree with defendant that *Tripp* is distinguishable from the present case, because it involved a "civil" contempt rather than a "criminal" contempt. *See State v. Thompson,* 294 Or

528, 531, 659 P2d 383 (1983).[1] Nonetheless, we decline to hold that the Oregon Constitution guarantees a defendant a right to a jury trial in a criminal contempt proceeding. In the absence of more persuasive authority, we will not disturb the settled rule that a contempt proceeding is *sui generis* and "not a criminal prosecution within the meaning of our Constitution * * *." *State ex rel Oregon State Bar v. Lenske,* 284 Or 23, 26, 584 P2d 759 (1978); *but see City of Portland v. Tuttle,* 295 Or 524, 531, 668 P2d 1197 (1983) (city code provision that requires a showing of a culpable mental state and that carries a penalty of up to $500 or six months in jail is a "crime" and triggers a defendant's right to a jury trial under Article I, section 11, of the Oregon Constitution).

∎ Defendant's argument that he is entitled to a jury trial by the Sixth Amendment to the United States Constitution also fails. *Muniz v. Hoffman,* 422 US 454, 95 S Ct 2178, 45 L Ed 2d 319, 334-35 (1975); *Bloom v. Illinois,* 391 US 194, 88 S Ct 1477, 20 L Ed 2d 522 (1968).

Affirmed.

**NEWMAN, J.,** dissenting.

Article I, section 11, of the Oregon Constitution provides:

> "In all criminal prosecutions, the accused shall have the right to a public trial by an impartial jury in the county in which the offense shall have been committed * * *."

If defendant's contempt proceeding is a "criminal prosecution" within the meaning of the constitutional guarantee, he is entitled to a jury trial.

The penalty for contempt is characterized as civil "when it is imposed in order to compel compliance with an order and will end as soon as respondent complies." *State v. Thompson,* 294 Or 528, 531, 659 P2d 383 (1983). The penalty for contempt is characterized as criminal "when it is imposed

---

[1] The penalty for contempt is characterized as civil "when it is imposed in order to compel compliance with an order and will end as soon as respondent complies" and is characterized as criminal "when it is imposed as punishment for a completed contempt that can no longer be avoided by belated compliance." *State v. Thompson, supra,* 295 Or at 531. In the present case defendant's contempt is criminal, because he was placed on probation for one year for his *past* failure to pay the court ordered child support.

as punishment for a completed contempt that can no longer be avoided by belated compliance." 294 Or at 531. I would conclude that defendant was charged with criminal contempt, because he was placed on probation for one year for his *past* failure to pay the court ordered child support.

In *Brown v. Multnomah County Dist. Ct.,* 280 Or 95, 570 P2d 52 (1977), the court listed a number of factors to be used to determine whether the imposition of a sanction is a "criminal prosecution" within the meaning of Article I, section 11. The type of offense, the prescribed penalty and its punitive significance are all relevant to the inquiry. The court has since said that the prescribed penalty is generally regarded as the single most important criterion. *City of Portland v. Tuttle,* 295 Or 524, 531, 618 P2d 1197 (1983).

In *Tuttle,* the court held that a city code provision that requires proof of a culpable mental state in order to establish a violation and that carries a penalty of up to $500 or six months in jail is a "crime" and triggers a defendant's right to a jury trial under Article I, section 11. Under ORS 33.020(1) contempt is punishable by up to six months imprisonment or a $300 fine or both. Also, proof of a culpable mental state is required. *State v. O'Malley,* 248 Or 601, 435 P2d 812 (1968). The *Tuttle* and the *Brown* factors support defendant's argument that he is entitled to a jury trial.

The Oregon Supreme Court has never directly addressed the issue whether Article I, section 11, guarantees a jury trial in a criminal contempt proceeding. Moreover, although it is not dispositive, I cannot discover any clear legislative intent to make criminal contempt a crime within the meaning of the state constitution. To the contrary, ORS 33.100 provides that the "court or judicial officer shall determine whether the defendant is guilty of a contempt charge * * *," which suggests that the legislature intended that contempt proceedings be tried exclusively by judges and not juries. Furthermore, *dictum* in *State ex rel v. Seiber,* 49 Or 1, 11, 88 P 313 (1907), states the "firmly settled" rule that a defendant in a criminal contempt proceeding is not entitled to a jury trial. *See also State ex rel Oregon State Bar v. Lenske,* 284 Or 23, 26, 584 P2d 759 (1978); *State v. Tripp,* 36 Or App 141, 144-45, 583 P2d 591 (1978). Finally, although the

contempt proceeding in this case also would be characterized as a "criminal" contempt under federal law, defendant apparently would not be entitled to a jury trial under the federal constitution. *See Muniz v. Hoffman,* 422 US 454, 476, 95 S Ct 2178, 45 L Ed 2d 319, 334-35 (1975). Nonetheless, Article I, section 11, states that "in all criminal prosecutions" the accused is entitled to a jury trial. That unqualified language, together with the holding in *City of Portland v. Tuttle, supra,* the definition of "criminal contempt" in *State v. Thompson, supra,* and the analysis in *Brown v. Multnomah County Dist. Ct., supra,* lead me to conclude that Article I, section 11, of the Oregon Constitution guarantees the right to a jury trial in a criminal contempt proceeding.

Therefore, I dissent.