Argued and submitted March 2, reversed in part, affirmed in part October 31, 1984, reconsideration denied May 25, petition for review denied April 30, 1985 (299 Or 118) Denial of review withdrawn, petition for review allowed August 8, 1985 (299 Or 583)

# STATE ex rel HATHAWAY,
*Respondent,*

*v.*

# HART,
*Appellant.*

## (D8201-66193; CA A24959)

690 P2d 514

Clint A. Lonergan, Portland, argued the cause and filed the brief for appellant.

Virginia L. Linder, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Joseph, Chief Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Defendant was ordered to show cause why he should not be held in contempt for his failure to obey a restraining order entered pursuant to the provisions of the Family Abuse Prevention Act, ORS 107.700 *et seq.* After a show cause hearing on the order, he was found guilty on four counts of contempt. On June 11, 1982, the trial court entered judgment and sentenced defendant to 30 days' imprisonment on the second count. On December 9, 1982, judgment was entered suspending imposition of sentence and placing him on probation for one year on the remaining three counts. Notice of appeal was timely filed as to each judgment as one appeal, and the issues on appeal are identical. Therefore, we consider them together.

Defendant first asserts that the trial court erred in characterizing the contempt proceeding as "civil" rather than "criminal" and that, because the proceeding was one 'for criminal contempt, he has the right to a jury trial, the right to the presumption of his innocence, the right to be acquitted unless proved guilty beyond a reasonable doubt, the right to confront and cross-examine witnesses and the right to decline to testify. He also claims that, if this is a civil rather than criminal contempt proceeding, he still has the right to a jury trial. Finally, he argues that the trial court erred in admitting evidence of other violations of the restraining order not contained in the charging instrument. We reverse two of the contempt convictions and affirm the other two.

The trial court erred in characterizing this contempt proceeding as civil; it clearly is criminal. The Supreme Court has described "a penalty for contempt as 'civil' when it is imposed in order to compel compliance with an order and will end as soon as the respondent complies, and as 'criminal' when it is imposed as punishment for a completed contempt that can no longer be avoided by belated compliance." *State v. Thompson,* 294 Or 528, 659 P2d 383 (1983). In the present case, defendant was sentenced on the second count to 30 days' imprisonment for his violation of a restraining order.[1] The

---

[1] ORS 33.020 authorizes punishment for contempt by a fine not exceeding $300 and imprisonment not exceeding six months.

penalty was imposed as punishment for defendant's completed contempt. Therefore, this is a criminal contempt proceeding.

■ That characterization, however, does not resolve the question whether defendant was entitled to a jury trial and the other procedural rights he claims. With respect to the right to a jury trial, the court stated in dictum in *State ex rel v. Sieber,* 49 Or 1, 11, 88 P 313 (1907):

"It is firmly settled by the great weight of authority that a party accused of the commission of a contempt is not entitled of right to a jury trial."

From that the court reasoned "that even a criminal contempt is not a 'criminal prosecution' within the meaning of that term as used in [Or Const, Art I, § 11]" and held, therefore, that the statutory provision requiring courts to examine defendants in contempt proceedings, ORS 33.090, does not violate the proscription contained in Or Const, Art I, § 12, against compelling a person to testify against himself in a criminal prosecution. In *State ex rel Oregon State Bar v. Lenske,* 243 Or 477, 489, 405 P2d 510, 407 P2d 250, *cert den* 384 US 943 (1966), the court, relying on *Sieber,* again stated that "a criminal contempt * * * is not a criminal prosecution within the meaning of the constitution." We hold that defendant was not entitled to a jury trial, because this criminal contempt proceeding is not a criminal prosecution. *See State ex rel Dwyer v. Dwyer,* 69 Or App 56, 684 P2d 15, *rev allowed* 298 Or 68 (1984).

■■ We agree with defendant's claims to the presumption of innocence, the requirement of proof beyond a reasonable doubt and the right to confront and cross-examine witnesses, although we need not resort to constitutional analysis. ORS 136.415 provides that "[a] defendant in a criminal action is presumed to be innocent until the contrary is proved. In the case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to be acquitted." ORS 131.005(6) defines "criminal action" as "an action at law by means of which a person is accused and tried for the commission of an offense." ORS 161.505 provides:

"An offense is conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state * * *."

ORS 33.020 provides for punishment for contempt "by fine or imprisonment, or both." Because acts of contempt are punishable by a fine or imprisonment, they are offenses under ORS 161.505, and, because contempt proceedings are actions "by means of which a person is accused and tried for the commission of an offense," they are "criminal actions" entitling a defendant to the rights set forth in ORS 136.415, including the requirement that guilt be proved beyond a reasonable doubt. Similarly, a defendant has the right to secure the attendance of witnesses, ORS 136.567, and to confront and cross-examine witnesses against him. ORS 136.430. Defendant was denied none of these rights.[2]

■    Although the trial court denominated this a "civil contempt" proceeding, it found, as to the first and fourth counts, that defendant was guilty beyond a reasonable doubt. As to the second and third counts, it found by a preponderance of the evidence that defendant had committed the acts. Because it found defendant guilty by only a preponderance of the evidence, we reverse as to those counts. Because defendant was afforded the other rights he claims (other than trial by jury) and because the court found him guilty beyond a reasonable doubt on the first and fourth counts, we affirm the judgments on those counts.

■    As to defendant's claim that the court erred in admitting evidence of violations other than those charged, our review of the record convinces us that such error, if any, is

---

[2] ORS 136.001(1), enacted in 1973, provides:

"The defendant in all criminal *prosecutions* shall have the right to public trial by an impartial jury." (Emphasis supplied.)

That language is very similar to that found in Article I, section 11, of the Oregon Constitution:

"In all criminal *prosecutions* the accused shall have the right to public trial by an impartial jury * * *." (Emphasis supplied.)

The Supreme Court has stated at least twice that a contempt proceeding is not a criminal prosecution within the meaning of that section of the constitution. *State ex rel Oregon State Bar v. Lenske, supra,* and *State ex rel v. Sieber, supra.*

Because the legislature, in enacting ORS 136.001(1), did not use the phrase "criminal action," as it did in ORS 136.415, ORS 136.567 and ORS 136.430 but, instead, used the phrase "criminal prosecutions," and the Supreme Court had earlier stated that contempt proceedings are not criminal prosecutions, we are led to conclude that the legislature did not intend by enacting ORS 136.001(1) to create a statutory right to jury trial in contempt proceedings.

harmless. The evidence supporting conviction on the first and fourth counts is overwhelming.

Reversed as to the second and third counts; otherwise affirmed.