## In the Matter of the Marriage of

### DYER,
*Petitioner,*

*and*

### DYER,
*Respondent.*

### STATE ex rel DYER,
*Respondent,*

*v.*

### DYER,
*Appellant.*

(D7904-63120; CA A29262)

699 P2d 212

Terrance L. McCauley, Estacada, argued the cause and filed the brief for appellant.

David D. Powell, Portland, argued the cause for respondent. On the brief was Frank M. Ierulli, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Defendant appeals from a judgment which held him in contempt of court for failing to make his child support payments, sentenced him to jail and awarded plaintiff attorney fees. We affirm.

In August, 1981, the trial court entered a decree awarding plaintiff custody of the parties' minor child and ordering defendant to pay child support of $300 per month. Defendant appealed, and an order was entered requiring him to pay $300 per month pending the appeal. In July, 1983, after the appeal had been resolved, *Dyer and Dyer,* 59 Or App 562, 652 P2d 886, *rev den* 294 Or 295 (1982), the trial court ordered defendant to appear and show cause why he should not be held in contempt for violating the support orders.

The uncontroverted evidence presented at the hearing was that defendant had never made any payments. He was found in contempt for violating both support orders and sentenced to two consecutive six-month jail terms. The second term was suspended on the condition that he pay or make arrangements to pay the arrearages within six months of his release after the first term. The court also ordered him to pay wife's attorney fees and costs.

■　　All four of defendant's assignments of error violate ORAP 7.19, in that they do not "set out verbatim the pertinent portions of the record" relating to the specific rulings for which review is sought. Without having a basis to determine whether and how the issues were raised in the trial court, we cannot address assignments 1, 2 and 4. *Commercial Bankers Life Ins. Co. v. Kirk,* 66 Or App 359, 366, 675 P2d 1069 (1984).[1]

■　　Assignment 3 can be addressed without searching the

---

[1] Specifically, defendant argues in his first assignment that the court erroneously held that he had been properly served, in his second that the court lacked authority to conduct a contempt proceeding and in his fourth that the court erred in allowing attorney fees or in awarding excessive fees. Although we decline to reach the merits of defendant's fourth assignment, we must decide a jurisdictional matter which wife has raised regarding that assignment. She notes that in the notice of appeal from the judgment awarding attorney fees, defendant states that the judgment was entered on August 29, 1983. Therefore, she contends that the notice, filed September 29, was untimely under ORS 19.026(1), which requires that notices of appeal be filed within 30 days of judgment. Because that judgment was actually entered on September 2, the notice was in fact timely.

record. Defendant contends that the trial court erred by refusing to grant his request for a jury trial. He is wrong on the law. A defendant in this type of contempt proceeding has no right to a jury trial under either the Oregon or the federal constitution. *State ex rel Dwyer v. Dwyer,* 69 Or App 56, 684 P2d 15, *rev allowed* 298 Or 68 (1984).

Affirmed. Costs to wife.