Submitted on record and brief October 30, reversed and remanded for new trial
December 30, 1987

## In the Matter of the Marriage of

BROWN,
*Petitioner,*

*and*

BROWN,
*Respondent.*

STATE ex rel BROWN,
*Respondent,*

*v.*

BROWN,
*Appellant.*

(D84-1296; CA A41627)

747 P2d 383

Darryl E. Johnson, Roseburg, filed the brief for appellant.

No appearance for respondent.

Before Warden, Presiding Judge, and Young and Rossman, Judges.

PER CURIAM

## PER CURIAM

Husband appeals from a judgment holding him in contempt for his wilful failure to pay child support. We reverse, because the trial court refused to hear his evidence.

Husband appeared *pro se* at the contempt hearing.[1] Wife called husband and herself as witnesses. After both had testified, wife rested her case. Without inquiring whether husband had any evidence to present, the trial court asked questions of wife's attorney regarding the procedural background of the case and wife's legal theories and allowed wife's attorney to argue the case. After wife's attorney had made his argument, the following colloquy occurred:

"THE COURT: Mr. Brown [husband], this is your opportunity to summarize any of the issues that—

"[Husband]: May I call a witness please.

"THE COURT: No. It's already past time to call witnesses.

"[Husband]: I wasn't aware of that—."

Husband then argued his case without having an opportunity to present any evidence.

It was reversible error to deny husband the right to call witnesses. ORS 33.090; *State v. Meyer,* 31 Or App 775, 780, 571 P2d 550 (1977); *see State ex rel Hathaway v. Hart,* 70 Or App 541, 545, 690 P2d 514 (1984), *aff'd* 300 Or 231 (1985).

Reversed and remanded for a new trial.

---

[1] Husband was advised by the trial court of his right to counsel. ORS 33.095.